[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
November 4, 2008
THOMAS K. KAHN
CLERK

_____

No. 08-10205
Non-Argument Calendar

_____

D. C. Docket No. 06-00461-CR-01-CC-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

ALFREDO SANTIAGO MORENO,
a.k.a. Chago,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Georgia

_____

(November 4, 2008)

Before DUBINA, BLACK and FAY, Circuit Judges.

PER CURIAM:

Alfredo Santiago Moreno[1] appeals his convictions and sentences of life imprisonment after being found guilty of conspiracy to possess with intent to distribute and manufacture methamphetamine, 21 U.S.C. § 846 and 18 U.S.C. § 2 (Count One); manufacture of methamphetamine, 21 U.S.C. §§ 841(a)(1), (b)(1)(A)(viii) and 18 U.S.C. § 2 (Count Two); possession with intent to distribute methamphetamine, 21 U.S.C. §§ 841(a)(1), (b)(1)(A)(viii) and 18 U.S.C. § 2 (Count Three); and maintaining a residence to manufacture methamphetamine, 21 U.S.C. § 856 (a)(1) and 18 U.S.C. § 2 (Count Four). Santiago raises several issues on appeal, which we address in turn. After review, we affirm Santiago's conviction and sentence.

## I.

Santiago first asserts the district court erred by allowing Agent Jay Mortenson, a special agent with the United States Drug Enforcement Administration (DEA), to offer expert testimony regarding methamphetamine manufacturing and operations.

Normally, evidentiary rulings are reviewed for abuse of discretion. *United States v. Padron*, 527 F.3d 1156, 1159 (11th Cir. 2008). However,

[i]t is a cardinal rule of appellate review that a party may not

---

[1] Alfredo Santiago Moreno refers to himself as "Santiago" in his brief. This opinion does the same.

challenge as error a ruling or other trial proceeding invited by that party. The doctrine of invited error is implicated when a party induces or invites the district court into making an error. Where invited error exists, it precludes a court from invoking the plain error rule and reversing.

*United States v. Love*, 449 F.3d 1154, 1157 (11th Cir. 2006) (quotations and citations omitted). We have found invited error when a defendant challenged a jury instruction on appeal, but had indicated in the district court the instruction was acceptable to him. *United States v. Fulford*, 267 F.3d 1241, 1247 (11th Cir. 2001). Similarly, we applied the invited error doctrine to preclude appellate consideration of whether a district court erred by introducing a defendant's grand jury testimony, when the district court asked for an objection and defense counsel responded, "I really don't object." *United States v. Thayer*, 204 F.3d 1352, 1355 (11th Cir. 2000).

Santiago informed the district court during the hearing on the motion *in limine* he had no objection to testimony concerning how the drug lab was set up and how the methamphetamine was manufactured. As Agent Mortenson was the only expert offered to testify on these matters, Santiago invited any error in allowing Agent Mortenson to testify. Further, the invited error doctrine bars Santiago's arguments on appeal challenging that testimony because, when asked at trial whether he objected to Agent Mortenson testifying as an expert in the subject matter of methamphetamine manufacturing and the operation of clandestine

3

laboratories, Santiago stated he had no objection. *See Thayer*, 204 F. 3d at 1355 (holding invited error precluded review of admission of evidence when the court "affirmatively asked counsel if the admission of the [evidence] was acceptable"). Accordingly, we will not review whether the district court erred by allowing Agent Mortenson's testimony.

## II.

Santiago next contends the district court did not identify five participants in the conspiracy, and thus erred by imposing a four-level enhancement for an aggravating role pursuant to U.S.S.G. § 3B1.1(a) (2006).[2]

Because Santiago never objected in the district court based on the number of participants, we review this claim under a plain error standard. *See United States v. Straub*, 508 F.3d 1003, 1008 (11th Cir. 2007), *cert. denied,* - - S. Ct. - - (2008). Plain error "requires the petitioner to establish (1) that there was error (2) that was plain; (3) that affected his substantial rights; and (4) that seriously affected the fairness, integrity, or public reputation of the judicial proceeding." *Id*. An error is plain if it is clear or obvious. *Id.*

---

[2]  The Sentencing Guidelines provide for a four-level increase if the defendant was "an organizer or leader of a criminal activity that involved five or more participants or was otherwise extensive." U.S.S.G. § 3B1.1(a) (2006). "A 'participant' is a person who is criminally responsible for the commission of the offense, but need not have been convicted." *Id.,* cmt, n. 1.

4

Failure to object to the facts stated in a PSI or PSI Addendum constitutes an admission of those facts. *United States v. Bennett*, 472 F.3d 825, 833–34 (11th Cir. 2006); *see also United States v. Hedges*, 175 F.3d 1312, 1315 (11th Cir. 1999) (holding a district court is entitled to rely on statements in a PSI when they are not contested, even in the absence of supporting evidence).

Here, in paragraph ten under offense conduct, the PSI stated the drug conspiracy involved Santiago, Valencia, Murillo, Oseguera, and others. Because Santiago did not object to the PSI's statement that the conspiracy included Santiago, Valencia, Murillo, Oseguera, and others, the court did not commit error, much less plain error, by finding the conspiracy involved at least five participants. *See Bennett*, 471 F.3d at 833–34. Although Santiago's failure to object to paragraph ten of the PSI was sufficient to constitute an admission that five or more individuals participated, the district court did not err by making this finding at sentencing.

At sentencing, the Government informed the court that five or more individuals participated in the offense: the four who were indicted and an individual with blonde or gold hair. Santiago did not contest this contention at sentencing, but argues on appeal the Government was required to exclude the possibility the individual with gold or blonde hair was one of the four indicted co-conspirators. Such an argument imposes a higher standard of proof than required to support a

5

sentencing enhancement. *See United States v. Perez-Oliveros*, 479 F.3d 779, 783 (11th Cir. 2007), *cert. denied*, 127 S. Ct. 2964 (2007) (stating the factual findings to support a sentence enhancement must be established by a preponderance of the evidence). Further, under the plain error standard, any error must be plain and obvious. *See Straub*, 508 F.3d at 1008. Because the record supports the district court's finding by a preponderance of the evidence that the criminal activity involved five or more participants, the district court did not plainly err by imposing a four-level enhancement for an aggravating role pursuant to U.S.S.G. § 3B1.1(a) (2006).

## III.

Finally, Santiago argues the district court erred by imposing a three-level enhancement based on the court's finding the methamphetamine manufacturing offense posed a substantial risk of harm to human life. Specifically, Santiago contends the district court erred by failing to address on the record all four factors set out in Application Note 20 to § 2D1.1(b)(8)(B) (2006).

Because Santiago never objected to the district court's failure to discuss each factor on the record, we review this claim under a plain error standard. *Straub*, 508 F.3d at 1008. An error is plain if it is clear or obvious. *Id.* It is "the law of this circuit that, at least where the explicit language of a statute or rule does not

6

specifically resolve an issue, there can be no plain error where there is no precedent

from the Supreme Court or this Court directly resolving it." *United States v. Chau*,

426 F.3d 1318, 1322 (11th Cir. 2005).

The Guidelines provide for an increase by three levels "[i]f the offense

(i) involved the manufacture of . . . methamphetamine; and (ii) created a substantial

risk of harm to (I) human life other than [the life of a minor or an incompetent]; or

(II) the environment . . . ." U.S.S.G. § 2D1.1(b)(8)(B)(c) (2006).  The Guidelines

Application Note 20 states "the court shall include consideration of the following

factors" in determining whether the offense created a substantial risk of harm to

human life or the environment:

> (i) The quantity of any chemicals or hazardous or toxic
> substances found at the laboratory, and the manner in which the
> chemicals or substances were stored.
>
> (ii) The manner in which hazardous or toxic substances were
> disposed, and the likelihood of release into the environment of
> hazardous or toxic substances.
>
> (iii) The duration of the offense, and the extent of the
> manufacturing operation.
>
> (iv) The location of the laboratory (e.g., whether the laboratory
> is located in a residential neighborhood or a remote area) and the
> number of human lives placed at substantial risk of harm.

*Id.*, cmt. n.20.

Although there is a circuit split on the issue, this Court has not published a case addressing whether the district court is obligated to explicitly consider each factor enumerated in Application Note 20.  Application Note 20 does state that, in deciding whether to impose an enhancement under § 2D1.1(b)(8)(B), the court "shall include consideration" of the four factors set forth in the Note.  *Id*.  Nevertheless, there is nothing in Application Note 20 that directs the court to do so on the record.  *See generally id*.  Because Application Note 20 does not provide the district court must consider on the record all four listed factors, and neither this Court nor the Supreme Court has held a district court is obligated to do so, the district court's failure to do so was not plain error.  Further, the record in this case supports the imposition of a three-level enhancement, pursuant to § 2D1.1(b)(8)(D), for creating a substantial risk to human life or the environment.

After a thorough review of the record and the parties' briefs, we discern no reversible error.

**AFFIRMED.**