[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 21-14411

Non-Argument Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

*versus*

ALFREDO SANTIAGO MORENO,
a.k.a. Chago,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Georgia
D.C. Docket No. 1:06-cr-00461-ELR-GGB-1

_____

Before WILSON, BRANCH, and BLACK, Circuit Judges.

PER CURIAM:

Alfredo Moreno, a federal prisoner proceeding *pro se*, appeals the denial of his motion for compassionate release under 18 U.S.C. § 3582(c)(1)(A), as amended by section 603(b) of the First Step Act.[1]  The Government, in turn, moves for summary affirmance or alternatively to stay the briefing schedule.  After review,[2] we GRANT the Government's motion for summary affirmance.

## I.

In 2006, a grand jury charged Moreno with one count of conspiracy to possess with intent to distribute and to manufacture at least 500 grams of methamphetamine, one count of manufacturing at least 500 grams of methamphetamine, one count of possession with intent to distribute at least 500 grams of methamphetamine, and one count of maintaining a premises for manufacturing methamphetamine for creating, managing, and operating a methamphetamine "superlab" out of a residence.  A jury found him guilty of all four counts in 2007.  The district court sentenced Moreno to

---

[1] Pub. L. No. 115-391, 132 Stat. 5194, 5239 (Dec. 21, 2018) (First Step Act).

[2] We review de novo whether a district court had the authority to modify a term of imprisonment. *United States v. Jones*, 962 F.3d 1290, 1296 (11th Cir. 2020).  We review a district court's denial of a prisoner's § 3582(c)(1)(A) motion for abuse of discretion. *United States v. Harris*, 989 F.3d 908, 911 (11th Cir. 2021).

a total sentence of life imprisonment and five years supervised release. We later affirmed his convictions and total sentence. *See United States v. Moreno*, 322 F. App'x 637 (11th Cir. 2008).

Moreno filed the present motion for compassionate release in 2021, asserting he was an elderly prisoner at age 49 with prediabetes, giving him a higher risk of COVID-19 and that his total life sentence was an extraordinary and compelling reason meriting relief. The district court denied Moreno's motion, finding his age did not put him at risk from COVID-19, he had caught COVID-19 and recovered from it, and he had been vaccinated against it. It found his sentence would not be shorter had he been sentenced in the present. It also found the 18 U.S.C. § 3553(a) factors did not weigh in favor of his release due to the seriousness of the offense conduct, the need to provide just punishment, and to deter criminal conduct.

Moreno contends the district court was incorrect in finding him fully vaccinated and that his incarceration, age, and medical conditions put him at serious risk of a COVID-19 infection. He also asserts for the first time on appeal that our decision in *United States v. Bryant*, 996 F.3d 1243 (11th Cir.), *cert. denied*, 142 S. Ct. 583 (2021), was wrongly decided and his total life sentence constituted an extraordinary and compelling reason warranting release. Finally, he contends his sentence was unconscionable as it was greater than necessary and the § 3553(a) factors weighed in his favor.

Rather than responding, the Government has moved for summary affirmance or to stay the briefing schedule, arguing neither his medical conditions nor his total sentence length constitutes an extraordinary and compelling reason warranting release. Also, it asserts we are bound to apply our prior precedent in *Bryant*. Finally, it argues Moreno does not challenge the court's balancing of the § 3553(a) factors.

## II.

The First Step Act allows district courts to reduce a previously imposed term of imprisonment. *United States v. Jones*, 962 F.3d 1290, 1297 (11th Cir. 2020). The statute provides a "court may not modify a term of imprisonment once it has been imposed" except under certain circumstances. 18 U.S.C. § 3582(c). In the context of compassionate release, the statute provides:

> [T]he court, upon . . . motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons [BOP] to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment . . . after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that—extraordinary and compelling reasons warrant such a reduction.

*Id.* § 3582(c)(1)(A)(i).  Section 3582(c)(1)(A) also requires any reduction be consistent with applicable policy statements issued by the Sentencing Commission.  18 U.S.C. § 3582(c)(1)(A).

Four categories of extraordinary and compelling reasons are listed: (A) the defendant's medical condition, (B) his age, (C) his family circumstances, including the death of a caregiver of a minor child, and (D) "other reasons."  U.S.S.G. § 1B1.13 cmt. (n.1(A)–(D)).  Subsection D serves as a "catch all" provision, providing that a prisoner may be eligible for relief if, "[a]s determined by the Director of the [BOP], there exists in the defendant's case an extraordinary and compelling reason other than, or in combination with, the reasons described in subdivisions (A) through (C)."  *Id.*, cmt. (n.1(D)).  As relevant to the defendant's medical condition, "extraordinary and compelling reasons" exist if the defendant is suffering from a terminal illness or a serious physical or medical condition that substantially diminishes his ability to provide self-care within the environment of a correctional facility and from which he is not expected to recover.  *Id.* cmt. (n.1(A)).

The district court did not abuse its discretion in denying Moreno's motion for compassionate release.  First, Moreno proffered no extraordinary and compelling reasons warranting release.  He cited his age and prediabetes in light of the COVID-19 pandemic as an extraordinary and compelling reason warranting release, but health conditions that *might* make a COVID 19 infection worse do not rise to the level of an extraordinary and compelling reason.  *See United States v. Harris*, 989 F.3d 908, 912 (11th Cir.

2021) (noting the fact a prisoner has a common ailment that could possibly make his risk of a serious illness more likely if he contracts COVID-19 is not the kind of debilitating condition meeting the policy-statement definition of an extraordinary and compelling reason for early release from prison).  Also, Moreno did not show how his health conditions were not manageable in prison.  *See United States v. Giron*, 15 F.4th 1343, 1346 (11th Cir. 2021) (stating a district court does not err in finding a defendant ineligible for compassionate release where certain health conditions are manageable in prison).

Likewise, Moreno's non-medical reasons did not fit within one of the enumerated extraordinary and compelling reasons warranting release in the § 1B1.13 policy statement.  *See* U.S.S.G. § 1B1.13 cmt. (n.1(A)–(D)).  In *Bryant* we held the "catch-all" provision in the commentary to § 1B1.13 did not grant to district courts the discretion to develop other reasons outside those listed in § 1B1.13 that might justify a reduction in a defendant's sentence.  *Bryant*, 996 F.3d at 1248, 1263-65.  As *Bryant* has not been overturned or abrogated by the Supreme Court or us sitting *en banc*, we are bound to apply it.  *See United States v. Steele*, 147 F.3d 1316, 1317–18 (11th Cir. 1998) (explaining under our prior panel precedent rule, a prior panel's holding is binding unless it has been overruled or abrogated by the Supreme Court or by us sitting *en banc*).

Second, as for his § 3553(a) argument, although we construe *pro se* filings liberally, Moreno only challenges the district court's finding the § 3553(a) factors did not weigh in his favor in a

perfunctory manner without supporting arguments or law. *Sapuppo v. Allstate Floridian Ins. Co.*, 739 F.3d 678, 681 (11th Cir. 2014) (stating an appellant abandons a claim when he makes only passing references to it or raises it in a perfunctory manner); *Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998) (stating *pro se* pleadings will be liberally construed). Thus, he has arguably abandoned this issue.

In any event, even if preserved, it is Moreno's burden to establish the § 3553(a) sentencing factors weighed in his favor, and he has not met his burden by asserting his drug offenses and prison record warranted releasing him. 18 U.S.C. § 3582(c)(1)(A)(i). Also, the district court has the discretion to give weight to the factors it chooses, and Moreno's assertion the factors weighed in his favor does not, without more, show the district court abused its discretion, particularly in light of the number of felony convictions, the amount of drugs manufactured, the danger the manufacturing process posed, and the other circumstances described in the presentence investigation report. *See United States v. Croteau*, 819 F.3d 1293, 1309 (11th Cir. 2016) (stating the weight given to any specific § 3553(a) factor is committed to the sound discretion of the district court). As such, the district court did not abuse its discretion when it found the § 3553(a) factors did not weigh in favor of his release.

Accordingly, because the Government's position is clearly correct as a matter of law, we **GRANT** the government's motion for summary affirmance and **DENY** as moot its motion to stay the briefing schedule. *See Groendyke Transp., Inc. v. Davis,* 406 F.2d

1158, 1162 (5th Cir. 1969)[3] (explaining summary disposition is appropriate where "the position of one of the parties is clearly right as a matter of law so that there can be no substantial question as to the outcome of the case").

---

[3] In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), this Court adopted as binding precedent all decisions of the former Fifth Circuit handed down prior to close of business on September 30, 1981.